FILED
4/17/2017 12:25:11 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

**2017CI06980**

CAUSE NO. _____

| | | |
|---|---|---|
| SALLY CERVANTES, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | 407th ____ JUDICIAL DISTRICT |
| | § | |
| ACADIAN AMBULANCE SERVICE OF TEXAS, LLC D/B/A ACADIAN AMBULANCE SERVICE | § § § | |
| | § | |
| DEFENDANT. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Sally Cervantes (hereinafter "Plaintiff"), files this Original Petition complaining of Acadian Ambulance Service of Texas, LLC d/b/a Acadian Ambulance Service (hereinafter "Acadian").

### I. Discovery Control Plan

1. Pursuant to Tex.R.Civ.P. §190.1, Plaintiff intends to conduct discovery under Level 3.

### II. Parties

2. Plaintiff, Sally Cervantes, is an individual residing in San Antonio, Bexar County, Texas.

3. Defendant, Acadian is a domestic limited liability company doing business in Texas, which may be served with process through its registered agent, James Tompkins at 1301 McKinney St., Suite 1400, Houston, Texas 77010.

### III. Venue and Jurisdiction

4. Venue is proper in Bexar County because all or a substantial part of the events or omissions giving rise to the claims occurred in Bexar County.

5. This Court has jurisdiction because the claims and causes of action herein have resulted in damages to Plaintiff within the jurisdictional limits of this Court and arise under the

statutory and common law of the State of Texas.

6. Plaintiff is prohibited by Tex. Civ. Prac. & Rem. Code §74.053 from specifying the amount claimed in damages. As such, Plaintiff is not required to meet the requirements of newly amended Tex. R. Civ. Pro. 47(c) and hereby informs the court and Acadian that, pursuant to Tex. R. Civ. Pro. 169(a)(2), the expedited actions process does not apply to a suit in which a party had filed a claim governed by Chapter 74 of the Civil Practice & Remedies Code.

## IV. Notice of Claim Requirements and Statute of Limitations

7. Pursuant to the provisions of Tex. Civ. Prac. & Rem. Code §74.051, Plaintiff provided notice to Acadian on February 13, 2017, under the requirements of Tex. Civ. Prac. & Rem. Code §74.051 and §75.052. Notice was appropriately accompanied by a medical authorization in the form required. As such, the applicable statute of limitations has been tolled and includes a period of 75 days following the giving of the notice, and the tolling applies to all parties and potential parties to this action. *See* TEX. CIV. PRAC. & REM. CODE §74.051(c).

## V. Cause of Action

**A.   Background**

8. On June 23, 2016, Sally Cervantes was admitted to Senior Care Center – Westover Hills.

9. Sally Cervantes' medications included: Aspirin; Clopidogrel; Acetaminophen; Calcium carbonate; Cetirizine; Tussionex; Ezomeprazole; Ferrous Sulfate; Furosemide; Novolog; Lactulose; Lidocaine; Lisinopril; Loratadine; Sitagliptin phosphate. Previous conditions included: Diabetes; acute kidney failure; diabetes mellitus; acute post hemorrhagic anemia; CAD; hyperlipidemia; hypertensive chronic kidney disease; GERD; chronic

kidney disease; age-related osteoporosis; Hypertension; Left leg amputation.

10. On August 23, 2016, Acadian Ambulance transported Sally Cervantes from Senior Care Center to Premier Prosthetics located at 8519 Callaghan Rd., San Antonio, TX 78230. Ms. Cervantes was picked up by Nicholas S. Meyer, a medic with Acadian Ambulance on United No. VT1284, to return to the nursing home. Of note, the transportation description is left blank.

11. The Senior Care Center at Westover Hills Progress Notes by Lesvia Simmons at 2:22 state:

> At 2pm resident arrived from appointment via w/c. Acadian driver stated resident had fell out of the ambulance van ramp after she began to roll herself off and fell off ramp after w/c tipped over on its left side causing her to fall on floor. Acadian driver stated 911 was called fire department showed up and resident refused to go to hospital…Noted bruising and scrap marks to left elbow with skin tear noted bandage in place. Scrapes to left side of hand and to rt hand with abrasion noted to 3rd digit of right hand. Noted a scratch to rt outer area of thigh. Noted redness to left side of abdominal area…Resident upset and crying stated she was in a lot of pain mainly to her left hip side. Resident stated that she was pushed off ramp by driver and th[e]n he let her go causing her to fall because ramp was not all the way lowered. Dr. Lopez in building and notified of incident.

12. The nursing notes by Ginger Cervantes at 5:47 also note: Resident returned from apt at 2pm and stated she had a fall from transfer van when attempting to get out of van ramp w/c tipped over and she fell to the floor on her left side. Xrays done indicated fracture to left hip.

13. Krystina M. Gonzalez with Acadian Ambulance returned to Senior Care Westover Hills Rehabilitation to transport Ms. Cervantes to Christus Santa Rosa – Westover Hills for additional evaluation.

14. According to the Acadian Ambulances Services Prehospital Care Report Summary, "Before 2 pm PT on way to rehab for amputated L FT DM complications and was

dropped by provider per PT FX L Hip no incidents transport CSRWO staff request mechanical fall…". Semon Strobos and Tori Pease completed her assessments.

15. Upon admission to Santa Rosa Westover Hills, Ms. Cervantes was diagnosed with a displaced intertrochanteric fracture of the left femur.

16. Her history and physical states:

    According to the patient, she went to have her left leg treated for the prosthesis at Dr. Ramos office. She was in a wheelchair. There was someone who was pushing her wheelchair on a ramp and the wheelchair flipped and she fell down, landed over her left hip. Physicians from the office and came and activated EMS. The patient refused to go and get x-rays. She went back to her nursing facility and continued to have pain over the left hip. As she was continuing to have pain, she was transferred to our facility where an x-ray was done and she was found to have left hip fracture.

17. The medical records further note pain emanating from her left hip. "Her left is externally rotated. Any movement at the hip joint is extremely painful.", "Intractable pain in the left hip.", "significant left hip pain",

18. Radiology revealed a nondisplaced intertrochanteric fracture of the left hip.

19. Her consultation report further clarifies the fall as following:

    The patient…who was being transported yesterday in here wheelchair when she hit a raised area in the sidewalk and fell over, landing on her left side. She noted immediate left hip pain. She was brought in to the emergency room. X-rays were taken which showed a minimally displaced left intertrochanteric hip fracture. She was also found to have some acute renal injury and was admitted for further workup…the patient states that she was being fitted for a permanent prosthesis with the goal being that she could ambulate using this left lower extremity. Given this information and the fact that she is currently using a wheelchair for transfers, I do recommend surgical stabilization of the left intertrochanteric hip fracture. This is a complex situation…My plan would be to perform an intramedullary nailing of the left intertrochanteric hip fracture.

20. The additional consultation by Dr. Michael J. Wilson documents as follows:

    The patient…was at a fitting for a left leg prosthesis and the nursing home worker taking her back to the van for transfer back to nursing home after the visit, rolled the wheelchair over the curb and the chair overturned, dumping the patient onto

the pavement from which she sustained a left femur fracture.

21. According to the discharge summary on August 27, 2016,

> She was noted to have a fracture of her left hip, i.e., intertrochanteric fracture. She was admitted to medical floor. Supportive care, including pain medications, IV fluids were started. Dr. Kanz of orthopedic surgery was consulted, who recommended open reduction and internal fixation, which was done by Dr. Kanz on August 25, 2016. The patient did very well post surgery, except that she developed acute blood loss anemia secondary to surgery, as well as worsening leukocytosis, which my impression is related too.

22. The Complete ED record notes "PT reportedly fell this morning at WH Rehab, x-rays from facility show left hip fx. PT reports 9/10 pain."

23. The operative report on August 25, 2016, indicates: "She was being pushed in a wheelchair when the wheelchair fell off the curb. She fell onto her left side and noted immediate left hip pain. She was brought into the hospital, admitted, and found to have a mildly displaced left intertrochanteric hip fracture…"

24. Ms. Cervantes required open reduction internal fixation surgery to repair her intertrochanteric fracture. According to her progress notes, Ms. Cervantes suffered leukocytosis secondary to the fracture and surgery. Her anemia worsened after the surgery with acute blood loss. She was noted to be suffering from intractable pain at the site of the injury.

25. Ms. Cervantes was discharged and readmitted to Senior Care Center at Westover Hills on August 27, 2016 for rehabilitation and skilled nursing.

    **B.**     **Negligence of Acadian**

26. At the time of the incident made the basis of this lawsuit, the staff, including emergency medical technicians, paramedics, and other medical staff and healthcare providers, excluding physicians, providing or involved in the care of Sally Cervantes during her

transportation with Acadian were working within the course and scope of their employment with Acadian. As such, Acadian is responsible for all of their employees' acts and/or omissions under the theory of *respondeat superior* and vicarious liability. In that regard, Acadian is liable for its staff's breaches of the standard of care.

27. During the time that Sally Cervantes was a patient of Acadian, its staff was negligent in the care and treatment of Sally Cervantes, including but not limited to the following failures:

    a. Failure to push Ms. Cervantes' wheelchair with due care;
    b. Failure to ask for assistance if the slope was too steep;
    c. Failure to wheel Ms. Cervantes' wheelchair down the ramp backwards slowly;
    d. Failure to appreciate and react to dangerous obstacles, such as the edge of the wheelchair entrance ramp;
    e. Failure to provide adequate attention to Ms. Cervantes' wheelchair path; and
    f. Failure to transport safely.

28. Acadian is also directly liable for its failure to transport Ms. Cervantes safely. More specifically, Acadian was negligent in the following failures:

    a. Negligently hired and retained staff;
    b. Failure to properly train its staff; and
    c. Failure to properly in-service its staff.

29. The negligent acts and omissions of Acadian and of its staff described above were a proximate cause of Sally Cervantes' injuries, pain and suffering, mental anguish, disability and damages sought herein.

**C.  Damages**

30. As a direct and proximate result of the negligence of Acadian's direct negligence and the negligence of its nursing and other medical staff, Plaintiff seeks recovery of the following elements of damages:

    a. Pecuniary loss sustained in the past, and that, in reasonable probability will be sustained in the future by Sally Cervantes;

    b. Reasonable and necessary medical expenses sustained in the past and that, in reasonable probability, will be sustained in the future by Sally Cervantes;
    c. Conscious physical pain and suffering sustained in the past and that, in reasonable probability, will be sustained in the future by Sally Cervantes;
    d. Mental anguish sustained in the past and that, in reasonable probability, will be sustained in the future by Sally Cervantes
    e. Impairment sustained in the past and that, in reasonable probability, will be suffered in the future by Sally Cervantes;
    f. Disfigurement sustained in the past and that in reasonable probability will be sustained in the future by Sally Cervantes; and
    g. All such other damages permitted by law.

31. In addition to the foregoing, Plaintiff is entitled to recover prejudgment and post-judgment interest as permitted by law. Plaintiff's damages are within the jurisdictional limits of the Court.

## VI. Jury Demand

32. Plaintiff hereby demands a trial by jury on all issues herein.

## VIII. Chapter 74 Damage Caps Unconstitutional

33. To the extent that Acadian intends to attempt to rely upon Sections 74.301, 74.302, or 74.303 of the Texas Civil Practice & Remedies Code to limit Plaintiff's recovery of non-economic damages, Plaintiff contends that the limitations imposed by those statutory provisions are unconstitutional in that they violate the right to jury trial guaranteed by the United States and Texas Constitutions.

## IX. Notice of Intention to Take Oral/Video Depositions

34. By filing this petition Plaintiff puts Acadian on notice of their intention to take the oral/video depositions of the following persons: Nicholas S. Meyer; the supervisor to Nicholas S. Meyer; and person most knowledgeable of patient transport safety; Krystina M. Gonzalez; Semon Strobos; Tori Pease; and two nurses at Senior Care Center-- Lesvia Simmons and Ginger Cervantes. Accordingly, Plaintiff requests that counsel for

Defendant immediately contact Plaintiff's counsel to set up mutually convenient dates and times for the taking of the Defendant witnesses' depositions.

## X. Notice of Reliance Pursuant to Rule 193.7

35. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby give notice of intent to utilize all documents and tangible items produced by any party through discovery, together with all deposition exhibits and documents obtained by written questions, in any pre-trial proceeding and/or trial.

## XI. Request for Notice of Criminal Convictions

36. Pursuant to Rule 609 of the Texas Rules of Civil Evidence, request is hereby made for written notice of intent to use evidence of a conviction, if any, against any of the witnesses named by Plaintiff as persons with knowledge of relevant facts. Sufficient advance written notice of intent to use such evidence is requested to provide a fair opportunity to contest the use of such evidence. Said notice is requested not later than thirty (30) days before trial.

## Prayer

Wherefore, premises considered, Plaintiff, Sally Cervantes, requests that Defendant, Acadian be cited to appear and answer, and that upon final trial hereof, Plaintiff have judgment against Defendant, for the damages pleaded herein, together with pre-judgment and post-judgment interest at the highest legal rate, costs of court, and such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

MALONEY LAW GROUP, P.L.L.C.
918 S. Alamo St.
San Antonio, Texas 78205
Telephone: (210) 228-0400

Facsimile: (210) 758-5908

By: ___/s/  Byron B. Miller_____
    MICHAEL MALONEY, State Bar No. 12883300
    mikem@maloneylawgroup.com
    BYRON B. MILLER, State Bar No. 24074716
    byron@maloneylawgroup.com
    ERICA MALONEY, State Bar No. 24085698
    ericam@maloneylawgroup.com
    *Attorneys for Plaintiff*

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____  **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** CHRISTOPHER MORELOCK v. CARLOS MANRIQUE DE LARA, M.D. D/B/A MANRIQUE CUSTOM VISION _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: Byron Miller | Email: Byron@maloneylawgroup.com | Plaintiff(s)/Petitioner(s): Sally Cervantes | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address: 918 South Alamo | Telephone: (210) 228-0400 | | Additional Parties in Child Support Case:<br>Custodial Parent: |
| City/State/Zip: San Antonio, TX 78205 | Fax: (210) 758-5908 | Defendant(s)/Respondent(s): Acadian Ambulance Service of Texas, LLC<br>D/B/A Acadian Ambulance Service | Non-Custodial Parent: |
| Signature: /s/ Byron Miller | State Bar No: 24074716 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

| Contract | Injury or Damage | Real Property | 
|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☒ Medical<br>  ☐ Other Professional Liability:<br>  _____<br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability List Product:<br>  _____<br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____<br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: _____ |

### Family Law

| Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|
| ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |

| Other Family Law | Parent-Child Relationship |
|---|---|
| ☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other:<br>_____ | ☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child:<br>_____ |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court  ☐ Declaratory Judgment  ☐ Prejudgment Remedy
☐ Arbitration-related  ☐ Garnishment  ☐ Protective Order
☐ Attachment  ☐ Interpleader  ☐ Receiver
☐ Bill of Review  ☐ License  ☐ Sequestration
☐ Certiorari  ☐ Mandamus  ☐ Temporary Restraining Order/Injunction
☐ Class Action  ☐ Post-judgment  ☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Exhibit D



Cause Number: _____

District Court : _____

# Donna Kay M<sup>c</sup>Kinney
## Bexar County District Clerk

### Request for Process

**Style:** Sally Cervantes          **Vs.** Acadian Ambulance Service of Texas, LLC D/B/A Acadian Ambulance Service

**Request the following process:** (Please check all that Apply)
☒ *Citation*  ☐ *Notice*  ☐ *Temporary Restraining Order*  ☐ *Notice of Temporary Protective Order*
☐ *Temporary Protective Order*  ☐ *Precept with hearing*  ☐ *Precept without a hearing*  ☐ *Writ of Attachment*
☐ *Writ of Habeas Corpus*  ☐ *Writ of Garnishment*  ☐ *Writ of Sequestration*  ☐ *Capias*  ☐ *Other:* _____

**1.**
**Name:** _____
**Registered Agent/By Serving:** ames Tomp ins
**Address** _____
**Service Type:** (Check One) ☒ *Private Process*  ☐ *Sheriff*  ☐ *Publication* (Check One) ☐ *Commercial Recorder*  ☐ *Hart Beat*  ☐ *Courthouse Door*
☐ *Certified Mail*  ☐ *Registered Mail*  ☐ *Out of County*  ☐ *Secretary of State*  ☐ *Commissioner of Insurance*

**2.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process*  ☐ *Sheriff*  ☐ *Publication* (Check One) ☐ *Commercial Recorder*  ☐ *Hart Beat*  ☐ *Courthouse Door*
☐ *Certified Mail*  ☐ *Registered Mail*  ☐ *Out of County*  ☐ *Secretary of State*  ☐ *Commissioner of Insurance*

**3.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process*  ☐ *Sheriff*  ☐ *Publication* (Check One) ☐ *Commercial Recorder*  ☐ *Hart Beat*  ☐ *Courthouse Door*
☐ *Certified Mail*  ☐ *Registered Mail*  ☐ *Out of County*  ☐ *Secretary of State*  ☐ *Commissioner of Insurance*

**4.**
**Name:** _____
**Registered Agent/By Serving:** _____
**Address** _____
**Service Type:** (Check One) ☐ *Private Process*  ☐ *Sheriff*  ☐ *Publication* (Check One) ☐ *Commercial Recorder*  ☐ *Hart Beat*  ☐ *Courthouse Door*
☐ *Certified Mail*  ☐ *Registered Mail*  ☐ *Out of County*  ☐ *Secretary of State*  ☐ *Commissioner of Insurance*

**Title of Document/Pleading to be Attached to Process:** _____

**Name of Attorney/Pro se:** B  RON MILLER          **Bar Number:** 24074716
**Address:** 918 SOUTH ALAMO               **Phone Number:** 210-228-0400
San Antonio, Texas 78205

**Attorney for Plaintiff** X _____    **Defendant** _____    **Other** _____

****IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED****

Exhibit D